Doris Jones v. Commissioner.
Jones v. Commissioner
Docket No. 26195.
United States Tax Court
1952 Tax Ct. Memo LEXIS 194; 11 T.C.M. (CCH) 529; T.C.M. (RIA) 52164; May 29, 1952
*194 Lee S. Jones, Esq., 920 Kentucky Home Life Bldg., Louisville, Ky., for the petitioner. Michael J. Clare, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined a deficiency in petitioner's income tax for the year 1947 in the amount of $428.68. The only issue for decision is whether the Commissioner erred in disallowing $1,054.56 claimed by petitioner as ordinary and necessary business expenses for 1947. Findings of Fact Petitioner is an individual now residing in Detroit, Michigan, but who formerly lived in Louisville, Kentucky, and prior thereto in Nashville, Tennessee. She filed her income tax return for 1947 with the collector of internal revenue for the District of Kentucky. In 1947 petitioner was employed as a saleslady and assistant sales director for the Woodlawn Memorial Park, an organization which sold cemetery lots, and during that year she received as compensation for her services $794.45 in commissions and $2,400 as salary. Among the services performed by her were soliciting and making sales to customers whom she contacted both at their homes and in the company's office, transporting *195 money collected in the business office to the main office of the company near the cemetery, taking customers to the cemetery and exhibiting lots for sale, training and assisting new salesmen, making collections of delinquent accounts. And in these and other duties of her employment she was required to use her automobile daily, including Sunday, expenditures for the use and operation of which were hers alone and for which she was not reimbursed. In her income tax return for 1947 petitioner claimed deductions for ordinary and necessary business expenses as follows: 80 per cent of automobile expenses
$ 919.56
Payment for prospects
50.00
Entertainment
85.00
$1,054.56 all of which amounts were disallowed by the Commissioner in his notice of deficiency, on the ground that same were not reasonable. Attached to petitioner's tax return was an exhibit itemizing her total automobile expenses in 1947 as $1,149.45, but 20 per cent of this sum, viz., $229.89, she estimated has having been spent for her personal use of the car, leaving a claimed deduction of $919.56. Among the items in the exhibit were gas, oil, battery, tires, repairs, etc. Also included therein was an *196 item of $60 for garage rent and another of $250.97 for the reconditioning and general overhauling of her automobile. The garage was located near her residence and the car was kept therein for convenience in going from her home to her business. Petitioner paid several individuals who gave her names of prospective customers and helped her make sales $1.00 for each customer secured, this being the customary and usual practice among sellers of cemetery lots in that community. The total amount so paid by her in 1947 was $50. She also expended in 1947 for good will the sum of $80 in entertaining customers and prospective customers. The total amount expended by petitioner in 1947 in the use and operation of her automobile, wholly in connection with her business and not for personal use, was the sum of $608.59. The $80 for entertainment, $50 for assistance in securing customers and $608.59 in the use of her automobile were all ordinary, reasonable and necessary expenses incurred by petitioner in carrying on her business. Opinion Respondent on brief specifically challenges deductibility of the $250.97 for the reconditioning and general overhauling of petitioner's automobile and the *197 $60 for garage rent, and both of these amounts we have disallowed, and as to them respondent is sustained. The former was in the nature of a capital expenditure and not an ordinary expense. As to the latter, the garage being near where petitioner lived, she kept her car there for convenience in going from her residence to place of business. This is in the nature of a personal rather than a business expense. Expenses in operating an auto between apartment and place of business are personal, not business, expenses. . Garage rent here was of the same character. Petitioner kept records of all expenses for which deductions are claimed, and these records were used in preparing her 1947 return, but in her removal to Detroit the janitor in the building to which she moved negligently and without fault on her part destroyed same and she was unable to produce them at the hearing. However, petitioner's testimony was corroborated by a competent witness, and the record as a whole sustains our ultimate findings. Accordingly, we hold that $608.59 incurred in the use and operation of her automobile, $50 for assistance in securing customers *198 and $80 for entertainment were all reasonable, ordinary and necessary business expenses and are deductible as such. Decision will be entered under Rule 50.